# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMIE T. MCGEE-EL, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No. 2:08CV00048 ERW |
| | ) | |
| CHANDRA HARTEGAN, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jimmie McGee-El (registration no. 514467), an inmate at Western Missouri Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.68. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $43.42, and an average monthly balance of $2.43. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.68, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Chandra Hartegan (Caseworker, Northeastern Correctional Center), Tracy Harrison (Librarian, NECC), Debra Kelly (Caseworker, NECC), Joel Clover (Correctional Officer, NECC), James Carter (Functional Unit Manager, NECC), Carrie Taylor (Classification Caseworker Assistant, NECC), Kathy Clifton (Functional Unit Manager, NECC), Michelle Thompson (Grievance Officer, NECC), Unknown Davis (Correctional Officer, NECC), Unknown Lambert (same), John Doe 1 (same), John Doe 2 (Committee Member Adjustment Board, NECC), Chantay Godert (Assistant Warden, NECC), Thomas Dunn (Deputy Warden, NECC), Jim Moore (Warden,

NECC), and Larry Crawford (Director, Missouri Department of Corrections). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that on September 25, 2007, defendants Davis and Lambert searched plaintiff's cell. Plaintiff claims that Davis and Lambert noticed that there were cracks in the ceramic part of plaintiff's personal crock pot; because of the cracks, Davis and Lambert determined that the crock pot was dangerous and therefore contraband. Davis and Lambert then confiscated the crock pot. Plaintiff alleges that defendant Clover then issued him a conduct violation for possessing contraband.

Plaintiff claims that on September 27, 2007, defendants Taylor and Hartegan conducted a disciplinary hearing regarding the conduct violation. Plaintiff wanted defendants to produce the allegedly dangerous crock pot at the hearing, but defendants refused. Plaintiff alleges that at the conclusion of the hearing, Hartegan confiscated the crock pot and ordered that he spend twenty days confined to administrative segregation.

Plaintiff alleges that on September 28, 2007, the conduct violation was vacated and expunged from his record. Plaintiff then demanded the return of his crock pot. Defendants refused to return the crock pot, maintaining that the cracked ceramic made it dangerous. Plaintiff claims that he filed an Informal Resolution Request against Hartegan.

Plaintiff alleges that on October 1, 2007, defendants Hartegan and Harrison issued him a conduct violation for unauthorized use of the prison library copy machine. Plaintiff maintains that the conduct violation was "false" and made in retaliation for his having filed grievances against Hartegan.

Plaintiff claims that on October 5, 2007, defendant Kelly conducted a disciplinary hearing on the violation. Plaintiff alleges that he was not allowed to call witness or introduce evidence at the hearing. At the conclusion of the hearing, plaintiff was ordered to spend twenty days in administrative segregation. Additionally, plaintiff lost his job in the prison library.

## Discussion

There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy. E.g., Clark v. Kansas City Missouri School Dist., 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the postdeprivation remedy of replevin for recovery of personal property. Id.; Mo. R. Civ. P. 99.01-99.15. Therefore, plaintiff's claims regarding the confiscation of his crock pot are frivolous under 28 U.S.C. § 1915(e).

An inmate who makes a due process challenge to his placement in administrative segregation must make a threshold showing that the deprivation of which he complains imposed an "atypical and significant hardship . . . in relation to the ordinary incidents

of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's allegations do not indicate that he suffered the type of atypical and significant hardship that might conceivably give rise to a liberty interest. Id. At 485-86 (no atypical and significant hardship where inmate spent 30 days in solitary confinement): Hemphill v. Delo, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; 30 days in disciplinary segregation, and approximately 290 days in administrative segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; 10 days disciplinary detention and 100 days in maximum security cell). As a result, the allegations relating to plaintiff's placement in administrative segregation fail to state a claim upon which relief can be granted.

A prisoner has "no constitutional right to a particular prison job." Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002). As a result, plaintiff's claims regarding the loss of his prison library job are frivolous.

Plaintiff's claims regarding the denial of his grievances are frivolous because a prisoner has no constitutional right to favorable redress of his grievances.

For each of these reasons, the complaint should be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $8.68 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [#4] is **DENIED** as moot.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 24th Day of November, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE