UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| JIMMIE T. MCGEE-EL, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 2:08CV00048 ERW |
| CHADRA HARTEGAN, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Alter Judgment [doc. #60] and Plaintiff's Motion for Leave to File Plaintiff's First Amended Complaint [doc. #63].

The Court concludes that Plaintiff Jimmie T. McGee-El ("Plaintiff") has not alleged any errors in his Motion to Alter Judgment that entitle him to relief. Motions under Fed. R. Civ. P. 59(e) to alter or amend a judgment serve to correct "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). The Court has "broad discretion" in determining whether to grant a Rule 59(e) motion. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

Plaintiff contends that the Court improperly converted Defendants' motions to dismiss [docs. #30, 38] into motions for summary judgment by resolving factual disputes in its Memorandum and Order granting Defendants' motions [doc. #57], without giving Plaintiff the opportunity to present evidence on his behalf. More specifically, Plaintiff offers numerous instances in the Court's recitation of the facts in which he claims the Court improperly characterized the facts pleaded in his Complaint.

Plaintiff has not demonstrated that any of these claimed errors would affect the Court's prior conclusion that Plaintiff failed to state viable First Amendment retaliation claims under 42 U.S.C. § 1983. For the most part, Plaintiff alleges that the Court erred in failing to accept his conclusory allegations of retaliation as pleaded facts. Although the Court construes pro se complaints liberally, the Court must still ensure that Plaintiff has alleged sufficient facts to support a claim, and conclusory allegations do not suffice. *See Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). Plaintiff's remaining claims of error relate to facts that are irrelevant to the Court's decision to grant Defendants' motions to dismiss. As such, the Court concludes that Plaintiff's Motion will be denied due his failure to establish manifest error of fact or law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter Judgment [doc. #60] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint [doc. #63] is **DENIED** as moot.

Dated this 23rd Day of October, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE